[No. E015388. Fourth Dist., Div. Two. Nov. 26, 1996.]

ALFRED L. FARIA, JR., Plaintiff and Respondent, v.
SAN JACINTO UNIFIED SCHOOL DISTRICT et al., Defendants and
Appellants.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts B, C, D and E.

**COUNSEL**

Wagner, Sisneros & Wagner, Christine M. Wagner and John J. Wagner for Defendants and Appellants.

Littler, Mendelson, Fastiff, Tichy & Mathiason, Richard J. Currier, C. Anne Hudson and Judith S. Islas for Plaintiff and Respondent.

**OPINION**

McKINSTER, J.—The defendants appeal from a judgment entered after trial, awarding damages for a wrongful demotion of the plaintiff. We modify the judgment and affirm it as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

Beginning in the 1989-1990 school year and continuing through 1991-1992, Alfred L. Faria, Jr., served as the assistant principal of San Jacinto High School. By a letter dated March 11, 1992, and received by Faria the following day, the school district notified Faria that he would be reassigned to a teaching position for the ensuing 1992-1993 school year. In response,

Faria sued the district, its superintendent, and the school board (collectively, the District) in an eight-count combined petition for writ of mandate and complaint for damages.

The first seven counts sought the issuance of a writ of mandate declaring that his demotion was invalid and ordering the District to reinstate him to the position of assistant principal for the 1992-1993 school year. Those counts were based upon allegations of various procedural defects in the District's decision to demote him, but only the fourth count is relevant here. In it, Faria claimed that the notice of his reassignment was untimely under the standards established in Education Code section 44951. That count asked not only for reinstatement but also for an award of backpay lost during the period of his reassignment.

Turning from procedural defects in the demotion to the reason behind it, his eighth count alleged that the district had demoted him because he had been arrested for an alcohol-related misdemeanor offense for which he was never convicted, thereby violating Labor Code section 432.7, subdivision (a)[1] and entitling him to an award of actual damages. Alleging further that the District's violation was intentional, he also prayed for treble damages and attorney's fees. (*Id.*, subd. (c).) He did not, however, seek reinstatement on the ground that the demotion had been for the statutorily prohibited reason.

The mandate counts were bifurcated from the damage count. The claim regarding the timeliness of the reassignment notice, along with the other mandate counts, was tried to the court without a jury in July of 1994. While the trial court agreed that the notice had been untimely for a reassignment for the 1992-1993 school year, it found that it was timely for 1993-1994. Accordingly, it refused to order Faria's reinstatement, but did award damages in the sum of $17,766, representing one year's differential in Faria's compensation.

Immediately thereafter, the Labor Code claim was tried to a jury. By a special verdict, the jury found that each of the defendants had violated section 432.7 by relying upon the arrest in deciding to reassign Faria, that the violation was intentional, and that Faria had suffered damages of $255,325. On a motion for new trial, the trial court reduced the jury's finding on actual damages to $213,192, trebled it pursuant to subdivision (c) of section 432.7, and entered judgment in the sum of $639,576. The court also awarded attorney's fees pursuant to section 432.7, subdivision (c), in the sum of $183,750.

---

[1]Unless specified otherwise, all further section references are to the Labor Code.

The trial court granted some limited relief on some of Faria's other mandate counts, but did not order his reinstatement. Faria does not appeal from those denials of reinstatement or from any other aspect of the judgment. The District appeals only from those portions of the judgment concerning the claims under section 432.7 and Education Code section 44951.

## CONTENTIONS

The District contends that the award of damages under section 432.7 is incorrect for a multitude of reasons: that monetary damages are available only to applicants rather than employees; that the award of actual damages, even after Faria's acceptance of the remittitur, is unsupported by substantial evidence; that the trial court's instructions to the jury on the definition of an intentional violation were erroneous; and that the trial court erred in excluding the District's evidence of its reason for reassigning Faria.

As to the damage award for the District's failure to timely notify Faria of his reassignment, the District argues that the deadline upon which the trial court relied is applicable only to principals, not to assistant principals such as Faria.

## DISCUSSION

**A. *An Employee May Recover Damages for the Violation of Section 432.7, But Not the Statutory Remedies of Treble Damages and Attorney's Fees.***

**1. *Section 432.7 Authorizes an Award of Monetary Relief Only to Applicants for Employment, Not to Existing Employees.***

When Faria was demoted, he was an employee of the District, not someone applying for employment. Accordingly, Faria is not entitled to any of the remedies created by section 432.7 unless those remedies are available to employees of an offending employer as well as to applicants. As will be explained, we find that the monetary remedies provided by section 432.7 are available only to applicants. Therefore, the trial court erred in awarding monetary relief to Faria pursuant to section 432.7.

Section 432.7 prohibits an employer from asking an applicant for employment concerning any arrest which has not resulted in conviction. (*Id.*, subd. (a).) It also forbids the employer from utilizing, "as a factor in determining any condition of employment including hiring, promotion, termination," or any training program, any record of any arrest or detention which did not

result in a conviction. (*Ibid.*) Because it refers to decisions to promote, train, or terminate as well as those to hire, the section clearly governs an employer's decisions involving both existing employees and applicants for employment. That employees are protected along with applicants is also demonstrated by the last sentence of subdivision (a): "Nothing in this section shall prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on his or her own recognizance pending trial."

Nevertheless, that portion of subdivision (c) of section 432.7 which creates monetary remedies for an employer's violations of the prohibitions in subdivision (a) refers only to applicants: "In any case where a person violates this section . . . , the *applicant* may bring an action to recover from that person actual damages or two hundred dollars ($200), whichever is greater, plus costs, and reasonable attorney's fees. An intentional violation of this section shall entitle the *applicant* to treble actual damages, or five hundred dollars ($500), whichever is greater, plus costs, and reasonable attorney's fees." (Italics added.)

Arguing that the statutory remedy provided by section 432.7, subdivision (c), does not extend to employees, the District moved the trial court for nonsuit on that claim. The trial court denied the motion, construing the reference to "applicant" in subdivision (c) to include an employee. Seeking to uphold that ruling, Faria argues that the reference to "applicant" in subdivision (c) is ambiguous. Invoking a variety of rules of statutory construction, Faria concludes that the ambiguity should be resolved by adopting the same interpretation favored by the trial court, thereby affording employees the same statutory remedies available to applicants.

Faria's argument fails. ██ "The Legislature's intent is best deciphered by giving words their plain meanings." (*Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 376 [20 Cal.Rptr.2d 330, 853 P.2d 496].) Accordingly, " ' "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them. [Citations.]" ' " (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].) ██ Subdivision (c) of section 432.7 defines monetary remedies solely in terms of those which may be recovered by an "applicant." As the term is used in section 432.7, "applicant" is expressly defined by statute to mean "an applicant for employment." (§ 430.) It is axiomatic that an "employee," by contrast, is someone whose application has been accepted by the employer and who has already been employed. That the two terms are intended by the Legislature to describe distinct groups of persons is demonstrated by its repeated use of the phrase "employee or applicant" in sections

431, 432, and 432.5, as well as subdivision (a) of section 432.7. Similarly, section 432.2 refers to both applicants and employees. Given the statutory definition, and given the abundant illustrations that the Legislature recognizes the distinction between applicants and employees, the use of "applicants" in subdivision (c) of section 432.7 is not ambiguous.[2]

That lack of ambiguity precludes us from rewriting or otherwise imaginatively construing the statutory language as urged by Faria. (See *City of Ontario* v. *Superior Court* (1993) 12 Cal.App.4th 894, 901 [16 Cal.Rptr.2d 32].) "When statutory language is clear and unambiguous, there is no need for construction, and courts should not indulge in it." (*West Covina Hospital* v. *Superior Court* (1986) 41 Cal.3d 846, 850 [226 Cal.Rptr. 132, 718 P.2d 119, 60 A.L.R.4th 1257].)

The plain meaning of the words of a statute may be disregarded only when the application of their literal meaning would inevitably (1) produce absurd consequences which the Legislature clearly did not intend or (2) frustrate the manifest purposes which appear from the provisions of the legislation when considered as a whole in light of its legislative history.[3] (*Roberts* v. *City of Palmdale, supra*, 5 Cal.4th at p. 376; *Younger* v. *Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014]; *Silver* v. *Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].) If the legislative history gives rise to conflicting inferences as to the legislation's purposes or intended consequences, then a departure from the clear language of the statute is unjustified. (*People* v. *Boyd* (1979) 24 Cal.3d 285, 295 [155 Cal.Rptr. 367, 594 P.2d 484].)

 The legislative history of section 432.7 does not directly address the issue of whether "applicant" is intended to include "employee" for purposes of subdivision (c). While such an intent may be inferred from some statements in legislative committee reports, the evidence also supports conflicting inferences.

[2]That subdivision (a) of section 432.7 prohibits employers from asking certain questions of or using certain records concerning both applicants and employees, while subdivision (c) provides a monetary remedy only to applicants, does not render the clear language of subdivision (c) ambiguous and thus subject to our revision. We cannot "ignore the language employed by the Legislature merely because of a subjective evaluation that a differently worded statute would more effectively achieve the statutory goal." (*Summers* v. *City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1071, fn. 20 [275 Cal.Rptr. 594].) Uncertainty as to the reason for the distinction that the Legislature drew is not the same as uncertainty as to the meaning of the words it used.

[3]The use of legislative history to determine whether the plain meaning of a statute is inconsistent with the Legislature's purpose is an exception to the general rule that a court may "resort to the legislative history of the measure only if its terms are ambiguous." (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 96 [255 Cal.Rptr. 670, 767 P.2d 1148].)

Most telling in this regard is the Legislature's reaction to the decision in *Pitman* v. *City of Oakland* (1988) 197 Cal.App.3d 1037 [243 Cal.Rptr. 306]. There, the issue was whether former subdivision (d) of section 432.7 applied only to applicants or to employees as well. That subdivision provided: "'Persons seeking employment as peace officers or for positions in the Department of Justice or other criminal justice agencies as defined in Section 13101 of the Penal Code are not covered by this section.'" (Quoted in *Pitman, supra,* at p. 1042.) The court held: "Under the familiar maxim of *expressio unius est exclusio alterius,* i.e., that the expression of certain things in a statute necessarily involves the exclusion of other things not expressed, we are compelled to read the statute as excluding current employees" from the scope of former subdivision (d)'s exemption. (*Id.,* pp. at 1043-1044.)

Thereafter, in an apparent reaction to the decision in *Pitman,* the Legislature renumbered section 432.7, former subdivision (d) as subdivision (e) and amended it to provide: "Persons seeking employment *or persons already employed* as peace officers or for positions in the Department of Justice or other criminal justice agencies as defined in Section 13101 of the Penal Code are not covered by this section." (Stats. 1990, ch. 769, § 1, p. 3462; italics added.) Two years later, recognizing the awkward phrasing of the subdivision as amended, the Legislature changed it to its present language: "Persons seeking employment or persons already employed as peace officers or *persons seeking employment* for positions in the Department of Justice or other criminal justice agencies as defined in Section 13101 of the Penal Code are not covered by this section." (Stats. 1992, ch. 1026, § 3, No. 11 West's Cal. Legis. Service, p. 4173, italics added.)

*Pitman* established that the courts would not interpret "persons seeking employment," the term used in section 432.7, former subdivision (d), to mean "employees." Since "person seeking employment" is synonymous with "applicant," the term used in subdivision (c), *Pitman* put the Legislature on notice of the plain meaning of that subdivision as well. Nevertheless, when the Legislature amended former subdivision (d) in 1990 to specify that both persons seeking employment with and employees of law enforcement agencies were covered by former subdivision (d), it failed to make any similar amendment to subdivision (c). We may infer from that failure that the Legislature intentionally restricted the statutory remedies in subdivision (c) to applicants as opposed to employees.

This inference is strengthened by the Legislature's action in 1992, when it again amended section 432.7, subdivision (e) (former subd. (d)) without changing subdivision (c). This again suggests that the Legislature is content to draw a distinction in subdivision (c) between applicants and employees.

Moreover, the 1992 amendment to subdivision (e) had the effect of affording employees of the Department of Justice the protection of subdivision (a), but excluding applicants to that department from that protection. It may be reasonably inferred that, just as the Legislature distinguished between applicants and employees when defining the scope of the exemption in subdivision (e), it also intended to distinguish between applicants and employees when creating monetary remedies in subdivision (c).

Since the legislative history supports conflicting inferences as to the Legislature's manifest purpose and intended consequences of section 432.7, we cannot say that the plain meaning of the words chosen by the Legislature to identify those entitled to the statutory remedies conflicts with that purpose or results in unintended consequences. Therefore, we may not ignore the plain meaning of the statutory language.[4] Since section 432.7 provides its monetary remedies only to applicants, the trial court erred in awarding those remedies to Faria, an employee.

2. *Although Employees Are Not Entitled to Statutory Remedies, They Can Recover Damages.*

Subdivision (d) of section 432.7 expressly provides that the statutory remedies made available under subdivision (c) are not exclusive. Therefore, the fact that subdivision (c) does not provide employees with a statutory remedy for an employer's violation of subdivision (a) does not mean that employees injured by such a violation are without any remedy at all.

The general rule is that "[f]or every wrong there is a remedy." (Civ. Code, § 3523.) In accordance with that principle, "[t]he violation of a statute gives to any person within the statute's protection a right of action to recover damages caused by its violation." (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 131 [135 Cal.Rptr. 192]; accord, *County of Los Angeles* v. *City of Alhambra* (1980) 27 Cal.3d 184, 195 [165 Cal.Rptr. 440, 612 P.2d 24].) "Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided [citation]; otherwise any appropriate common law remedy may be resorted to." (*Palo Alto-Menlo Park Yellow Cab Co., supra,* at p. 131.) A private right of action is an appropriate remedy when it is " 'needed to assure the effectiveness of the provision . . . .' " (*Middlesex Ins. Co.* v. *Mann* (1981) 124 Cal.App.3d 558, 570 [177 Cal.Rptr. 495], quoting from Rest.2d Torts, § 874A.; but cf. *Arriaga* v. *Loma Linda*

---

[4] If the Legislature meant to say something other than what it said, then it, not this court, should change the statute. The judicial function is to interpret the language of a statute, not to rewrite it.

*University* (1992) 10 Cal.App.4th 1556, 1564 [13 Cal.Rptr.2d 619] [questioning *Middlesex*].) Even when the statute expressly provides for criminal sanctions, damages may be available. (*Montalvo* v. *Zamora* (1970) 7 Cal.App.3d 69, 76 [86 Cal.Rptr. 401].)

For example, a transit district violated Public Utilities Code section 100055.1 (which provides that a transit "district shall not establish the proposed service or system, . . . until it has completed the purchase of the existing system or any part thereof") by starting a Dial-A-Ride service without first purchasing existing taxi cab businesses. (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.*, *supra*, 65 Cal.App.3d at p. 127.) Although the statute specifies no remedy for a violation of that proscription, an award of damages against the district was affirmed. (*Id.*, pp. 131-132.)

Similarly, a former statute prohibited a prime contractor, after its bid had been accepted, from substituting any person as a subcontractor in place of the subcontractor listed on the original bid, but did not specify a remedy for the removed subcontractor in the event a prime contractor violated that prohibition. (Former Gov. Code, § 4107, subd. (a), quoted in *Southern Cal. Acoustics Co.* v. *C. V. Holder, Inc.* (1969) 71 Cal.2d 719, 725, fn. 6 [79 Cal.Rptr. 319, 456 P.2d 975].) Nevertheless, the removed subcontractor was held to have a cause of action for damages against the prime contractor. (*Id.*, p. 727.)

 Employees are within the protection of subdivision (a) of section 432.7. To enforce that proscription, a private cause of action is needed. Thus, while the statutory remedies of treble damages and attorney's fees are not available to employees who have been injured by an employer's violation of that section, they may recover actual damages from the employer.

B.-E.*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## DISPOSITION

The judgment is modified as follows: (1) The damage award on the fourth cause of action, alleging a violation of the notice provisions of Education Code section 44951, is reduced to zero. (2) The damage award on the eighth cause of action, for the violation of Labor Code section 432.7, is reduced from treble damages of $639,576 to actual damages of $213,192. (3) The attorney's fees award under the eighth cause of action is eliminated.

---

*See footnote, *ante*, page 1939.

Except as modified, the judgment is affirmed. Each side shall bear its own costs on appeal.

Ramirez, P. J., and Hollenhorst, J., concurred.