120 F.3d 171
 97 Cal. Daily Op. Serv. 5529, 97 Daily Journal
D.A.R. 8985
George JACOBELLIS; Michelle Jacobellis, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a California
corporation, Defendant-Appellee.
 No. 95-56661.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided July 14, 1997.
 
 Steven A. Kivo, Law Offices of Kivo & Weiss, Woodland Hills, CA, for plaintiffs-appellants.
 Mitchell C. Tilner, Horvitz & Levy, Encino, CA, for defendant-appellee.
 Appeal from the United States District Court for the Central District of California; Audrey B. Collins, District Judge, Presiding. D.C. No. CV-95-02267-ABC.
 Before: SCHROEDER, FERGUSON and LEAVY, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 After sustaining earthquake damage to their home, George and Michelle Jacobellis ("Appellants" or "Jacobellises") filed suit against their residential property insurer, State Farm Fire and Casualty Company ("State Farm"), for negligent and intentional misrepresentation, bad faith, negligent and intentional infliction of emotional distress, and violation of Cal. Ins.Code §§ 10081 et seq. (West 1989) ("the Earthquake Insurance Act"). The district court granted State Farm's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The Jacobellises appealed the dismissal of all causes of action except for the claim of negligent misrepresentation. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's dismissal of the claim under the Earthquake Insurance Act.
 
 STANDARD OF REVIEW
 
 2
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir.1995).
 
 
 3
 All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Lewis, 87 F.3d at 1545.
 
 
 4
 A district court's interpretation of state law is reviewed under the same independent de novo standard as are questions of federal law. Salve Regina College v. Russell, 499 U.S. 225, 239, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991).
 
 FACTUAL BACKGROUND
 
 5
 The First Amended Complaint alleged the following facts: In August, 1987, Appellants purchased homeowners insurance from State Farm for their home on Pala Mesa Drive, Northridge, California. At the time they purchased this policy, their State Farm agent informed them that obtaining earthquake insurance was cost prohibitive. Based on their financial circumstances at the time, Appellants did not purchase earthquake insurance. Appellants resided in the Pala Mesa home for about two years.
 
 
 6
 In March, 1989, Appellants bought a new home on Willow Tree Lane, in Northridge, and obtained another homeowners insurance policy through State Farm. In March, 1993, State Farm sent Appellants a bill to renew their homeowners insurance. At no time between 1989 and the filing of the action did State Farm offer earthquake coverage to Appellants for their second home. At the time they purchased their second home, earthquake coverage would not have been cost prohibitive to Appellants, but they were unaware of its availability.
 
 
 7
 On January 17, 1994, an earthquake struck Northridge and Appellants' Willow Tree Lane home was damaged in an amount not less than $300,000. Appellants notified State Farm of the damage and requested all of their policy documentation. Upon reviewing these documents Appellants discovered that Michelle Jacobellis's name had been forged on "Earthquake Coverage Documents," which appeared to indicate Appellants had rejected earthquake coverage. State Farm informed Appellants that the earthquake damage was not covered by their homeowners insurance policy.
 
 ANALYSIS
 
 8
 The Earthquake Insurance Act provides that no residential property insurance may be issued or delivered unless the named insured is offered coverage for loss or damage caused by the peril of earthquake.[1] Subsequent sections specify the parameters of a conforming offer in terms of time allowed, contents, typeface, and other provisions.[2] The Jacobellises claimed that State Farm's failure to conform with the offer requirements upon the issuance and renewal of their second residential property policy constituted an actionable violation of the Earthquake Insurance Act.
 
 
 9
 The district court dismissed the Jacobellises' claim, deciding that the Earthquake Insurance Act did not create a private right of action. Since California courts have not yet addressed whether a private right of action is to be implied for violations of the Earthquake Insurance Act, we must review de novo whether the California Supreme Court would interpret it as creating a private right of action. See Salve Regina College v. Russell, 499 U.S. at 239, 111 S.Ct. at 1225 (1991); Vernon v. City of Los Angeles, 27 F.3d 1385, 1391 (9th Cir.1994).
 
 
 10
 Our first task in construing a statute is to ascertain the intent of the legislature so as to effectuate the purpose of the law. Dyna-Med v. Fair Employment and Hous. Comm'n, 43 Cal.3d 1379, 1386, 241 Cal.Rptr. 67, 70, 743 P.2d 1323, 1326 (1987).
 
 
 11
 The Earthquake Insurance Act was originally passed by the California Legislature in 1984, as Assembly Bill 2865. The historical and statutory notes accompanying § 10081 state:
 
 
 12
 It is the intent of the Legislature in enacting this act to promote awareness of earthquake insurance by residential property owners and tenants by requiring insurers to offer that coverage. It is the intent of the Legislature to make clear that loss caused by or resulting from an earthquake shall be compensable by insurance coverage only when earthquake protection is provided through a policy provision or endorsement designed specifically to indemnify against the risk of earthquake loss, and not through policies where the peril of earthquake is specifically excluded even though another cause of loss acts together with an earthquake to produce the loss.
 
 
 13
 West's Ann. Cal. Ins.Code, § 2 of Stats.1984, c. 916. Thus, there appear to be two intended effects of the statute: 1) increasing awareness on the part of residential property owners about the availability of earthquake coverage, and 2) clarifying insurer's liability for damage caused by earthquake concurrently with other, covered, causes of loss. The Legislature intended to create a right to be offered insurance coverage, and therefore, a private right of action should be implied to enforce this right.
 
 I. Application of Moradi-Shalal
 
 14
 The district court held that the Earthquake Insurance Act did not create a private right of action because the sections were "substantially similar in character" to the Unfair Practices Act, Cal. Ins.Code §§ 790 et seq., which the California Supreme Court has held not to imply a private right of action. See Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal.3d 287, 304, 250 Cal.Rptr. 116, 126, 758 P.2d 58, 68 (1988). In Moradi-Shalal, the court considered the text of the Unfair Practices Act, reports of the legislative analyst and legislative counsel, alternative methods of enforcement, adverse consequences of implying the private cause of action, and analytical difficulties defining the scope of the cause of action in arriving at this conclusion.
 
 
 15
 Whereas application of these factors compelled the court's decision against a private right of action in Moradi-Shalal, application of the same factors compels the opposite conclusion in the case at hand. For instance, the text of the Unfair Practices Act specifically provided for enforcement by the Insurance Commissioner in the form of cease and desist orders. Moradi-Shalal, 46 Cal.3d at 294, 250 Cal.Rptr. at 119, 758 P.2d at 61. In contrast, the Earthquake Insurance Act does not provide for administrative enforcement. Because "[t]he general rule is that '[f]or every wrong there is a remedy,' " Faria v. San Jacinto Unified School Dist., 50 Cal.App.4th 1939, 1947, 59 Cal.Rptr.2d 72, 77 (1996) (quoting Cal. Civ.Code § 3523), the absence of alternative remedies to the harm caused by violations of the Earthquake Insurance Act requires that a private right of action be implied in this case.
 
 
 16
 The Earthquake Insurance Act also differs from the legislation reviewed in Moradi-Shalal insofar as the analytical difficulties and adverse practical consequences of implying a private right of action against violations of the Unfair Practices Act are absent. For example, in Moradi-Shalal, the court held that the difficulty in determining when an insurer's business practices are "unfair enough" to justify a private cause of action weighed against the judicial creation of a private cause of action. Moradi-Shalal, 46 Cal.3d at 303, 250 Cal.Rptr. at 126, 758 P.2d at 67-68. In contrast, the Earthquake Insurance Act's specific offer and notice requirements are clear and direct. See supra, n. 2.
 
 
 17
 Moradi-Shalal overruled a case which had mistakenly determined that the Legislature intended to confer a private right of action under the Unfair Practices Act. Moradi-Shalal did not hold that courts should never imply a private right of action. The Earthquake Insurance Act requires a private right of action for its enforcement and the judicial recognition of such a right of action does not raise the analytical difficulties and adverse consequences the California Supreme Court avoided in Moradi-Shalal. Thus, the district court's reliance on Moradi-Shalal was misplaced.
 
 II. Restatement Test
 
 18
 Before Moradi-Shalal, California adopted the Restatement test for determining whether a private cause of action could be implied from a statute. See Middlesex Ins. Co. v. Mann, 124 Cal.App.3d 558, 570, 177 Cal.Rptr. 495, 503 (1981) (citing Rest.2d Torts § 874A). In order to imply a private right of action under Middlesex, a court must determine: (1) the plaintiff belongs to the class of persons the statute is intended to protect; (2) a private remedy will appropriately further the purpose of the legislation; and (3) such a remedy appears to be needed to assure the effectiveness of the statute. Id.
 
 
 19
 The California courts have not clearly determined whether this analysis is still appropriate after Moradi-Shalal. See Arriaga v. Loma Linda Univ., 10 Cal.App.4th 1556, 1564, 13 Cal.Rptr.2d 619, 624 (1992) (finding no private right of action under Moradi-Shalal or Middlesex ). However, California courts have implied a private right of action where such a right was necessary to enforce a statute that was intended to protect the aggrieved party. Faria, 50 Cal.App.4th at 1947, 59 Cal.Rptr.2d at 77-78. In the absence of the concerns avoided by the Moradi-Shalal court and in a case, such as this one, where the statute evidences a legislative intent to provide a right to a class of persons, we believe that the Middlesex test is still useful for evaluating the appropriateness of a private cause of action. Applying this test, we hold the Earthquake Insurance Act provides a private right of action.
 
 
 20
 First, residential property owners were the class that the Earthquake Insurance Act's offer requirements were designed to protect. The Jacobellises claim to be insureds who did not receive offers of earthquake coverage with their homeowners insurance policy and were therefore harmed by uninsured earthquake damage. Thus, they are plaintiffs within the class of persons the legislation was designed to protect.
 
 
 21
 Second, a private remedy is appropriate to further the purpose of the legislation. The legislation provided a right for the Jacobellises, but did not explicitly provide a means to enforce that right. Therefore, a private right of action is needed to further the protective purpose of the legislation. Such a right is also appropriate because it does not raise the kinds of practical and analytical difficulties that were raised by the cases which created a private right of action under the Unfair Insurance Practices Act, before these cases were overturned by Moradi-Shalal.
 
 
 22
 Third, a private right of action is needed to assure the effectiveness of the protective aspect of the statute. Although the legislative intent to clarify insurer liability for damage sustained by an earthquake where there is no specific earthquake coverage is served and effectuated without implying a private right of action, the protection of insureds and promotion of awareness of earthquake insurance coverage as intended by the legislature necessitates a method of enforcement that compensates aggrieved insureds.
 
 
 23
 A recent case by a California State Court of Appeals, Crusader Ins. Co. v. Scottsdale Ins. Co., 54 Cal.App.4th 121, 62 Cal.Rptr.2d 620, (1997), is clearly distinguishable. In Crusader, the court emphasized several times that its holding does not involve a case which uses a statute to establish an element of a preexisting common law cause of action. In Crusader, there were no existing common law causes of action to regulate the duties and responsibilities between the parties. In this case, it is clear that there were. The Earthquake Insurance Act merely defined a specific duty and responsibility in addition to those existing at common law. Thus this case is more similar to Middlesex, where a statutory private cause of action was available in addition to common law causes of action, than to Crusader, where a statute could not be held to imply a private right of action where there was no cause of action available at common law.
 
 III. Per Se Action
 
 24
 "The violation of a statute gives to any person within the statute's protection a right of action to recover damages caused by its violation." Palo Alto-Menlo Park Yellow Cab Co. v. Santa Clara County Transit Dist., 65 Cal.App.3d 121, 131, 135 Cal.Rptr. 192, 197 (1976). Thus, a private cause of action under the Earthquake Insurance Act requires a showing that the defendant insurer violated provisions of the offer requirements and that this violation actually and proximately caused actual damages to the plaintiff insured. No additional showing of negligence or fault on the part of the defendant is required. The insurer's violation of a statutory duty is an adequate showing of fault. In addition, Appellants may seek punitive damages in the event that they prove Ms. Jacobellis's signature was forged on policy documents with knowledge of State Farm or its agent.
 
 CONCLUSION
 
 25
 We reverse the district court's denial of a private right of action under the Earthquake Insurance Act. Because a per se liability rule for a violation of the duty to offer earthquake insurance provides a complete remedy for the Jacobellises, we need not address the other claims raised on appeal. The decision of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.
 
 
 
 [1]
 The Act provides:
 No policy of residential property insurance may be issued or delivered or, with respect to policies in effect on the effective date of this chapter, initially renewed in this state by any insurer unless the named insured is offered coverage for loss or damage caused by the peril of earthquake as provided in this chapter. That coverage may be provided in the policy of residential property insurance itself, either by specific policy provision or endorsement, or in a separate policy or certificate of insurance which specifically provides coverage for loss or damage caused by the peril of earthquake alone or in combination with other perils.
 Cal. Ins.Code § 10081 (West 1989).
 
 
 [2]
 For example, Cal. Ins.Code § 10083 provides:
 (a) The offer of coverage required by Section 120081 may be made prior to, concurrent with, or within 60 days following the issuance or renewal of a residential property insurance policy. If the offer of coverage is mailed to the named insured or applicant, it shall be mailed to the mailing address shown on the policy of residential property insurance or application. The offer of earthquake coverage shall contain the following language:
 YOUR POLICY DOES NOT PROVIDE COVERAGE AGAINST THE PERIL OF EARTHQUAKE.
 CALIFORNIA LAW REQUIRES THAT EARTHQUAKE COVERAGE BE OFFERED TO YOU AT YOUR OPTION.
 THE COVERAGE, SUBJECT TO POLICY PROVISIONS, MAY BE PURCHASED AT ADDITIONAL COST ON THE FOLLOWING TERMS:
 (A) Amount of Coverage: ________
 (B) Applicable Deductible: ________
 (C) Rate or Premium: _________
 YOU MUST ASK THE COMPANY TO ADD EARTHQUAKE COVERAGE WITHIN 30 DAYS FROM THE DATE OF MAILING OF THIS NOTICE OR IT SHALL BE CONCLUSIVELY PRESUMED THAT YOU HAVE NOT ACCEPTED THIS OFFER.
 THIS COVERAGE SHALL BE EFFECTIVE ON THE DAY YOUR ACCEPTANCE OF THIS OFFER IS RECEIVED BY US.
 (b) The offer may contain additional provisions not in conflict with or in derogation of the foregoing.
 (c) Use of the language prescribed by this section shall constitute compliance with the requirements of Section 10081 by an insurer subject thereto.