125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth ASLAN, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 96-55805.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997**
Filed Sept. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-03138-R; Manuel L. Real, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Aslan appeals pro se the district court's summary judgment for State Farm Fire and Casualty Company ("State Farm") in Aslan's diversity action arising out of a dispute over insurance coverage for his house and personal property which were damaged in the January 17, 1994, Northridge earthquake. We have jurisdiction pursuant to 28 U.S.C. § 1291. The substantive law of California, the forum state, applies in this diversity action. See Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir.1996). We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 * Breach
 
 
 4
 Aslan contends the district court erred by concluding that State Farm was not liable for breach of contract, or breach of the implied covenant of good faith and fair dealing. We disagree.
 
 
 5
 State Farm did not breach the earthquake insurance contract; it is undisputed that State Farm paid Aslan all sums due under the policy. See Regan Roofing Co. v. Superior Court, 29 Cal.Rptr.2d 413, 418 (Cal.Ct.App.1994).[1] Because State Farm has paid Aslan all the benefits due, under California law, there cannot be "bad faith." See Waller v. Truck Ins. Exch., 900 P.2d 616, 638-39 (Cal.1995).
 
 II
 Tort
 
 6
 Aslan contends the district court erred by concluding that State Farm was not liable in tort for failing to provide Aslan with adequate earthquake coverage. We disagree.
 
 
 7
 State Farm's agent had no special duty to provide Aslan with additional earthquake coverage he never requested. See Gibson v. Government Employees Ins. Co., 208 Cal.Rptr. 511, 519 (Cal.Ct.App.1984) (holding no duty to advise of optimum coverage limits or insurance available or when coverage is too low).[2]
 
 
 8
 In addition, Aslan was not entitled to reasonably rely on representations made by State Farm's agents which were contrary to the express terms of the policy. See Hackethal v. National Cas. Co., 234 Cal.Rptr. 853, 857-58 (Cal.Ct.App.1987). To the extent Aslan contends State Farm should be estopped from asserting its insurance policy limits because of this claimed misrepresentation, we disagree. See id.
 
 III
 The Earthquake Insurance Act
 
 9
 Aslan contends the district court erred by concluding that State Farm did not have a duty, under California law, to offer earthquake insurance equal to the amount of Aslan's homeowner's policy limits. We disagree. California law requires insurers to offer their insured homeowners earthquake insurance coverage. See Cal. Ins.Code § 10081 et seq; see also Jacobellis v. State Farm Fire and Cas. Co., 120 F.3d 171, 172-73 (9th Cir.1997) (noting that the "Earthquake Insurance Act provides that no residential property insurance may be issued or delivered unless the named insured is offered coverage for loss or damage caused by [an] earthquake"). State Farm offered Aslan earthquake insurance coverage as required by California law; it was not required to offer him earthquake coverage equal to his homeowners coverage. See Cal. Ins.Code §§ 10082, 10089(a)-(b).
 
 IV
 Punitive Damages
 
 10
 Aslan contends the district court erred by dismissing his claim for punitive damages. We disagree. As there was not "clear and convincing evidence that [State Farm] acted maliciously, oppressively or fraudulently," see Mock v. Michigan Millers Mut. Ins. Co., 5 Cal.Rptr.2d 594, 607 (Cal.Ct.App.1992), the district court properly declined to award Aslan punitive damages.
 
 V
 Conclusion
 
 11
 Accordingly, the district court did not err by granting summary judgment for State Farm. See Bagdadi, 84 F.3d at 1197.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, State Farm's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Aslan contends the earthquake policy and renewal notices were ambiguous and should be read in his favor, we disagree. Under California law, we must read the words of the insurance policy according to the plain meaning that a layperson ordinarily would give them. See Stanford Ranch, 89 F.3d at 626 (citing Chatton v. National Union Fire Ins. Co. of Pittsburgh, Pa., 13 Cal.Rptr.2d 318, 322 (Cal.Ct.App.1992)). The contract language in the earthquake policy and renewal notices is not ambiguous, there is no place for interpretation, and we must simply apply the plain meaning. See id
 
 
 [2]
 Although Aslan argues that he depended on State Farm's agent's expertise, we note that he lacked the type of long-term relationship or express agreement with his insurance agent which creates a "special duty ... to use reasonable care." Free v. Republic Ins. Co., 11 Cal.Rptr.2d 296, 297 (Cal.Ct.App.1992). Aslan also never requested complete replacement cost coverage for his home in the event of an earthquake. See Desai v. Farmers Ins. Exch., 55 Cal.Rptr.2d 276, 281 (Cal.Ct.App.1996) (finding for insured because he had "demanded a particular level of coverage")
 
 
 [3]
 Aslan's motion to file a supplemental excerpt of record is denied as unnecessary