**Elisabeth SEXTON, Plaintiff— Appellant,**

v.

**The COUNTY OF SANTA CLARA; Dennis Bennett; Mary Ann Grilli, Commissioner; Johnson, Referee, Defendants—Appellees**

No. 99–17297.

D.C. No. CV–97–20568–RMW (PVT).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2001.

Decided April 9, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM [1]

Appellant Elizabeth Sexton is deaf. She alleges that, during proceedings that eventually resulted in her losing custody of her children for a period of time, two state-

---

[1] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court judicial officers, Commissioner Grilli and Referee Johnson, along with the County of Santa Clara denied her the use of an "oral interpreter," assistive listening devices, or real-time transcription, which were the accommodations she requested.

On appeal, Sexton challenges only the judgment in favor of the County with respect to her claims under the ADA, California Civil Code section 54.8, and the Due Process Clause.

### Federal Claims

■ To hold the County liable with regard to her federal claims, Sexton would have to allege that the actions inflicting injury: (1) flowed from either an explicitly adopted or a tacitly authorized county policy, *see Hyland v. Wonder*, 117 F.3d 405, 414 (9th Cir.1997); (2) were the result of a deliberate choice among various alternatives by an appropriate policy-making official of the county, *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); or (3) reflected a subordinate's decision, and the official county policy-maker had delegated authority to the subordinate or ratified that decision. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126–27, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

■ Sexton identifies no policy attributable to the County from which her injury flowed. The County is not responsible for, and has no liability for, actions of the Superior Court, *see Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103 (9th Cir.1987), and Sexton has not shown that any of the non-court, county personnel with whom she interacted was a county policy-maker. Accordingly, Sexton has failed to establish that the County is liable with respect to her federal claims.

### State Claim

Sexton also appeals the district court's entry of judgment against her on her claim under California Civil Code § 54.8.

■ However, neither the language of § 54.8 itself, nor any other provision in the California Disabled Persons Act, creates a private cause of action for violation of § 54.8.[2] A private cause of action may be implied if the legislature intended such a remedy to exist. *Jacobellis v. State Farm Fire & Casualty Co.*, 120 F.3d 171, 173 (9th Cir.1997). Although, in § 54.3 of the state statute, the California legislature did expressly create a private right of action for violations of §§ 54, 54.1, and 54.2, it did not create any such right for violations of § 54.8. Its failure to do so makes it apparent that it intended a private right of action to exist only in the case of the sections specified in § 54.3, and not in the case of § 54.8. Had the legislature intended to create a private right of action under § 54.8, it "simply would have directly imposed such liability in clear, understandable, unmistakable terms, as it has done in numerous other statutes." *Moradi–Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 295, 758 P.2d 58, 62, 250 Cal.Rptr. 116, 120 (1988). Because the California legislature did not do so, we hold that no such right exists under § 54.8.

### CONCLUSION

We are sympathetic to Sexton's plight. However, it appears from her complaint that, prior to the end of the state-court proceedings, accommodations were provided to mitigate the effects of her disability, rendering injunctive relief unavailable. As to the County's liability, Sexton has failed to offer any evidence that she was discrim-

---

**2.** The statute provides in relevant part that "[i]n any civil or criminal proceeding ... the individual who is hearing impaired, upon his or her request, shall be provided with a func-tioning assistive listening system or a computer-aided transcription system." Cal. Civ. Code § 54.8(a).

inated against on the basis of a county policy, that any of the individuals she named were county policy-makers, or that the County delegated responsibility to or ratified the decisions of any of the individuals she identified. Furthermore, no private right of action exists under section 54.8 of the California Civil Code. Accordingly, we affirm the district court's decision.

AFFIRMED