NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS BARAJAS CENTENO, | No. 21-56274 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01022-L-DEB |
| v. | |
| CITY OF CARLSBAD; DANIEL STEPHEN MODAFFERI, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DOES, 1-10, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted July 12, 2022[**]
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and KATZMANN,[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary S. Katzmann, Judge for the United States Court

Judge.

Jose Barajas Centeno appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal without leave to amend of Centeno's claims under Title II of the Americans with Disabilities Act (ADA) and California state law. Centeno alleges that the City of Carlsbad and the City's attorney Daniel Modafferi violated various federal and California state laws by failing to provide Centeno's attorney, Genaro Lara, with a hearing aid during a deposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.      The district court did not err in dismissing Centeno's Title II ADA claim. To state a claim under Title II, Centeno must allege that "(1) he is a 'qualified individual with a disability;' (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *amended on denial of reh'g* (Oct. 11, 2001). Centeno's claim is based on a hearing impairment from which his attorney, Genaro Lara, suffers. Thus, Centeno himself is not a "qualified individual with a disability." Centeno argues instead that he is bringing an associational discrimination claim under 28 C.F.R. § 35.130(g), but this argument

of International Trade, sitting by designation.

2

is waived for failure to raise it before the district court. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014). Nor is a deposition a "service, program, or activity" under Title II because it is not a "normal function of the government entity," *see Fortyune v. City of Lomita*, 766 F.3d 1098, 1102 (9th Cir. 2014), but is instead an "experience that [is] merely incidental to normal government functions," *see Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 987 (9th Cir. 2014). Therefore, Centeno cannot allege that he was denied the ability to participate in public entity's service, program, or activity because of a disability.

2. The district court did not err in dismissing Centeno's claim under California Civil Code § 54.8. Section 54.8, part of the California Disabled Persons Act, states that in civil proceedings where a participant is deaf or hard of hearing, upon request, the deaf or hard of hearing participant "shall be provided with a functioning assistive listening system or a computer-aided transcription system." Cal. Civ. Code § 54.8(a). Again, Lara has a hearing impairment, but Centeno does not. Therefore, no violation of Centeno's rights occurred because Centeno is not a "participant who is deaf or hard of hearing." Additionally, § 54.8 does not provide for a private right of action. A private right of action may be implied if the legislature intended it to exist. *See Jacobellis v. State Farm Fire & Casualty Co.*, 120 F.3d 171, 173 (9th Cir. 1997). Section 54.3 expressly creates a private right of action for violations of §§ 54, 54.1, and 54.2. The California legislature's decision

3

not to include § 54.8 in that list makes it apparent the exclusion was intentional, and thus a private right of action under § 54.8 does not exist.

3.      The district court did not err in denying Centeno leave to amend.  A district court does not err in denying leave to amend where amendment is futile, which occurs when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *See Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).  Each of Centeno's claims fails for multiple reasons, and the district court properly found that Centeno "did not show that an amendment could cure the . . . deficiencies."  Indeed, the only amendment Centeno proposes is additional authority for his associational discrimination claim, which is an argument that Centeno waived.  Thus, because any amendment would be futile, the district court did not err in dismissing Centeno's claims with prejudice.

**AFFIRMED.**[1]

---

[1] Centeno's emergency motion to supplement the record on appeal **(Dkt. 23)** is **DENIED**.