[No. A034137. First Dist., Div. Two. Jan. 21, 1988.]

JOHN B. PITMAN, Plaintiff and Appellant, v.
CITY OF OAKLAND et al., Defendants and Respondents.

**COUNSEL**

Vincent A. Harrington, Jr., and Van Bourg, Weinberg, Roger & Rosenfeld for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Richard G. Tullis, Deputy Attorney General, Richard E. Winnie, City Attorney, and Mark B. Shragge for Defendants and Respondents.

**OPINION**

**BENSON, J.**—This appeal follows an order of the trial court dismissing the plaintiff's complaint. A demurrer to the first cause of action was sustained without leave to amend. Demurrers to the second, third and fourth causes of action were sustained with 10 days leave to amend. Upon plaintiff's failure to amend, the action was dismissed. We affirm the judgment of the trial court.

Plaintiff's complaint alleged that plaintiff was employed by the City of Oakland as a police communications dispatcher; that on or about September 16, 1983, plaintiff, who was off-duty at the time, was cited and arrested by California Highway Patrol officers; that between September 16, 1983, and November 15, 1983, agents of the highway patrol disclosed the arrest information to City of Oakland employees; thereafter, on November 15, 1983, the City of Oakland, by and through its authorized agents and representatives, utilized the information concerning this arrest "which had not

resulted in conviction" as a factor in determining to terminate plaintiff's employment with the City of Oakland.

The complaint attempted to plead four causes of action. The first cause of action alleged an unauthorized disclosure and use of criminal records information in violation of Labor Code section 432.7.[1] The second cause of action alleged a violation of plaintiff's right to privacy under article I, section 1 of the California Constitution. The third cause of action was for intentional infliction of emotional distress and the fourth cause of action, which incorporated the allegations of the first cause of action, merely alleged that defendants "knew, or reasonably should have known, that the action of releasing confidential criminal offender information . . . was unlawful, and improper, and would cause Pitman shame, humiliation and shock.

Defendants demurred to plaintiff's first cause of action on the grounds that section 432.7 neither covers law enforcement agencies and personnel nor applies to pending criminal charges. The demurrers continued by averring that plaintiff had failed to state causes of action for invasion of privacy or intentional infliction of emotional distress.

In addition, defendants requested the court take judicial notice of the criminal complaints and disposition in People v. Pitman, the criminal proceedings taken against plaintiff as a result of the September 16, 1983 arrest.[2]

Preliminarily we note that plaintiff objected to the trial court taking judicial notice of the municipal court proceedings against him. We find that such a procedure was proper. While a demurrer normally tests the sufficiency of the complaint alone and not the evidence or other extrinsic matters, a complaint may be read as if it includes matters judicially noticed. (Code Civ. Proc., § 430.30, subd. (a); *Lazzarone* v. *Bank of America* (1986) 181 Cal.App.3d 581, 590 [226 Cal.Rptr. 855].)

---

[1] Hereafter, all statutory references are to the Labor Code unless otherwise indicated.

[2] The complaints in the matter of People v. Pitman, Contra Costa Municipal Court, Nos. 836453-1 and 835818-6, charged that on September 16, 1983, plaintiff was in possession of a narcotic (Health & Saf. Code, § 11350), possession of a non-narcotic controlled substance (Health & Saf. Code, § 11377) and was driving under the influence of alcohol or drugs. (Veh. Code, § 23152, subd. (a).) On January 4, 1984, the court granted plaintiff diversion on the drug possession charges. On June 13, 1984, the court accepted plaintiff's plea of guilty to the lesser offense of reckless driving (Veh. Code, § 23103) in place of the violation of Vehicle Code section 23152. Pursuant to the provisions of Vehicle Code section 23103.5 the prosecution stated for the record that there was evidence that plaintiff had consumed drugs and an alcoholic beverage.

On appeal plaintiff primarily maintains that his first cause of action for a violation of section 432.7 was properly pled. We disagree.

In reviewing plaintiff's contention we are guided by established rules of statutory construction. ■ "The fundamental rule of statutory construction is that the court should ascertain the legislative intent so as to effectuate the purpose of the law. To this end, every statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. [Citation.]" (*Moore* v. *Panish* (1982) 32 Cal.3d 535, 541 [186 Cal.Rptr. 475, 652 P.2d 32]; see also *In re Bank of San Marino* (1985) 167 Cal.App.3d 247, 261 [213 Cal.Rptr. 602].) "Where a statute is theoretically capable of more than one construction we choose that which most comports with the intent of the Legislature. [Citations.] Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]; see also *In re Bank of San Marino, supra,* 167 Cal.App.3d at p. 261.)

The pertinent provisions of section 432.7 which apply to this action state as follows: "(a) No employer whether a public agency or private individual or corporation shall ask an applicant for employment to disclose, through any written form or verbally, information concerning an arrest or detention which did not result in conviction, or information concerning a referral to and participation in any pretrial or posttrial diversion program, nor shall any employer seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention which did not result in conviction, or any record regarding a referral to and participation in any pretrial or posttrial diversion program. As used in this section, a conviction shall include a plea, verdict, or finding of guilt regardless of whether sentence is imposed by the court. Nothing in this section shall prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on his or her own recognizance pending trial.

". . . . . . . . . . . . . . . . . . . .

"(d) Persons seeking employment as peace officers or for positions in the Department of Justice or other criminal justice agencies as defined in Section 13101 of the Penal Code are not covered by this section.

"...........................

"(f)(1) No peace officer or employee of a law enforcement agency with access to criminal offender record information maintained by a local law enforcement criminal justice agency shall knowingly disclose, with intent to affect a person's employment, any information contained therein pertaining to an arrest or detention or proceeding which did not result in a conviction, including information pertaining to a referral to and participation in any pretrial or posttrial diversion program, to any person not authorized by law to receive such information.

"(2) No other person authorized by law to receive criminal offender record information maintained by a local law enforcement criminal justice agency shall knowingly disclose any information received therefrom pertaining to an arrest or detention or proceeding which did not result in a conviction, including information pertaining to a referral to and participation in any pretrial or posttrial diversion program, to any person not authorized by law to receive such information."

In their demurrers to plaintiff's complaint both defendants argued that, pursuant to Penal Code section 11105.2, subdivision (a),[3] the disclosure of criminal information to a peace officer of any city is authorized to assist in fulfilling employment, licensing, or certification duties. The difficulty with this argument is twofold. First, the Department of Highway Patrol is not the same as the Department of Justice referred to in the statute. Second, the statute only applies where the person's fingerprints are maintained on file at the Department of Justice; no such allegation appears in the complaint, nor are we able to infer it from the pleadings.

Both defendants also maintained that law enforcement agencies and personnel are excluded from coverage of section 432.7 by virtue of subdivision (d) of the statute. Again, we must disagree with defendants' position. Section 432.7 is a detailed statute which contains precise exclusions from its coverage. Subdivision (d) specifies that only "persons seeking employment" are to be denied coverage. Under the familiar maxim of *expressio unius est exclusio alterius,* i.e., that the expression of certain things in a statute neces-

---

[3] Penal Code section 11105.2, subdivision (a) provides in pertinent part: "The Department of Justice may provide subsequent arrest notification to any agency authorized by Section 11105 to receive state summary criminal history information to assist in fulfilling employment, licensing, or certification duties upon the arrest of any person whose fingerprints are maintained on file at the Department of Justice as the result of an application for licensing, employment, or certification."

sarily involves the exclusion of other things not expressed, we are compelled to read the statute as excluding current employees. (See *In re Fain* (1983) 145 Cal.App.3d 540, 550 [193 Cal.Rptr. 483].)

■ Finally, defendants demurred on the grounds that the last sentence of section 432.7, subdivision (a) permits disclosure and use of arrest records while charges are still pending. The demurrers could not be sustained on this theory. While the last sentence of the statute provides that an employer may ask an employee about an arrest for which he or she is awaiting trial, the statute cannot be read as permitting the employer *to utilize* the information of a mere arrest for disciplinary purposes. To hold otherwise would violate the fundamental presumption of a suspect's innocence prior to the contrary being proved. That the statute allows an employer to inquire about arrest is reasonable. As defendants pointed out, it is proper that a bank be made aware that one of its employees has been arrested for embezzlement or that a police department be able to inquire about the circumstances under which one of its officers has been arrested for murder. However, we do not read the statute as authorizing the utilization of an arrest alone as a factor in determining to dismiss an employee.

■ Having said all this, we nevertheless find that the demurrers to the first cause of action of plaintiff's complaint were properly sustained. The clear purpose of section 432.7 is to prevent the misuse of criminal offender records information, not to shelter an employee from an investigation by his employer for serious misconduct. Accordingly, we find that in order to state a cause of action for a violation of section 432.7 the complaint must affirmatively allege that the arrest *did not* result in a conviction. This is because the statute specifically deals with "information concerning an arrest or detention which *did not result in conviction*." (Italics supplied.) The obvious intent of the legislation is to prevent the adverse impact on employment opportunities of information concerning arrests where culpability cannot be proved.

In the instant action plaintiff merely alleged that the City of Oakland on or about November 15, 1983, utilized information about plaintiff's arrest which *had not* (at that time) resulted in conviction as a factor in determining to terminate plaintiff's employment. At the time he filed his complaint plaintiff was unable to frame his allegation in the language of the statute, since his arrest had resulted in the conviction which was judicially noticed by the court. Plaintiff could not, by artful drafting of his complaint, avoid the clear intent of the statute.

Having determined that plaintiff did not and could not properly state a cause of action for violation of section 432.7, we must next examine his remaining causes of action.

Relying on *Central Valley Chap. 7th Step Foundation* v. *Younger* (1979) 95 Cal.App.3d 212 [157 Cal.Rptr. 117], plaintiff maintains that demurrers to his second cause of action for invasion of privacy were improperly sustained. We disagree.

In 1972 the voters of California adopted a constitutional amendment of article I, section 1 of our state Constitution which explicitly includes the right of privacy as an inalienable right. (*White* v. *Davis* (1975) 13 Cal.3d 757, 773 [120 Cal.Rptr. 94, 533 P.2d 222].) One major purpose of the amendment was to prevent "the improper use of information properly obtained for a specific purpose . . . for another purpose or the disclosure of it to some third party." (*Id*. at p. 775.)

In *Central Valley,* plaintiffs filed a complaint challenging the Department of Justice's practice of disseminating criminal records which included nonconviction data to public employers who, pursuant to section 432.7, are prohibited from considering arrests which do not result in conviction. The Court of Appeal concluded "that the [defendant's] policy and procedures violate [plaintiffs'] right to privacy. [Plaintiffs'] right to privacy is violated as soon as arrest records containing nonconviction data are disseminated to public employers who are prohibited by law from considering a record of an arrest which did not result in a conviction." (*Central Valley Chap. 7th Step Foundation* v. *Younger, supra,* 95 Cal.App.3d at p. 231.) The court reasoned that "the dissemination to public employers of arrest records containing nonconviction data does not further law enforcement or criminal justice. It would therefore appear that this case falls within the third 'mischief' ('the improper use of information properly obtained for a specific purpose . . . for another purpose or the disclosure of it to some third party') at which the amendment is directed. [Citation.] That is, information regarding nonconviction data is properly used in law enforcement but such information may not be considered by public employers." (*Id*. at p. 236.)

Initially we observe that for purposes of this appeal the defendants' demurrers admit the truthfulness of the properly pleaded factual allegations of the complaint. (*White* v. *Davis, supra,* 13 Cal.3d 757, 765.) Thus the complaint before us unerringly points to an unlawful disregard by the governmental defendants of a clear mandate to refrain from the disclosure and utilization of nonconviction data which brought about a termination of

plaintiff's employment on November 15. Were these facts to stand alone we would unhesitatingly hold that a prima facie case for violation of plaintiff's constitutional right to privacy had been stated. However, as earlier noted, after plaintiff's arrest and following his diversion on drug possession charges, the court, on June 13, 1984, accepted plaintiff's plea of guilty to a lesser offense of reckless driving with the prosecution stating for the record, pursuant to the provisions of Vehicle Code section 23103.5, that there was evidence that plaintiff had consumed drugs and an alcoholic beverage. Thus, we are called upon to address a substantially different issue than that which was before the *Central Valley* court; specifically, whether a privacy cause of action can be stated based upon the improper release and use of arrest data which subsequently results in a conviction. In our judgment the issue must be resolved against the plaintiff.

Three distinct elements made up the privacy cause of action in *Central Valley*: (1) the dissemination of arrest records containing nonconviction data, (2) to public employers who are prohibited by law from considering a record of an arrest (3) which did not result in a conviction. Here, the third element is missing. (*Central Valley Chap. 7th Step Foundation* v. *Younger, supra,* 95 Cal.App.3d at p. 231.)

In our judgment it serves no legitimate public purpose or policy to extend a civil action for damages predicated upon an invasion of privacy to a person whose arrest has resulted in a conviction. The plaintiff's own wrong-doing emerges as the sole proximate cause of his termination from employment. Responsibility for his situation rests on the established fact that he consumed drugs and alcohol while operating a motor vehicle and such conduct should not be rewarded by placing tortious blame on the premature, albeit improper, release and utilization of the arrest data.

Thus we hold that where a plaintiff seeks to state a privacy cause of action for damages based upon the dissemination and utilization of arrest data, an essential element of the cause of action, *to be pleaded and proved,* is that the arrest data did not result in a conviction.

■ Finally, plaintiff contends that his complaint stated a cause of action for an intentional infliction of emotional distress.

■ "The elements of a prima facie case of intentional infliction of mental distress are (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress,

(3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." (*Newby* v. *Alto Riviera Apartments* (1976) 60 Cal.App.3d 288, 296 [131 Cal.Rptr. 547]; see also, *Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 946 [160 Cal.Rptr. 141, 603 P.2d 58]; *Bogard* v. *Employers Casualty Co.* (1985) 164 Cal.App.3d 602, 616 [210 Cal.Rptr. 578].)

Plaintiff's third cause of action realleges the allegations of his first cause of action for violation of section 432.7. Thereafter, the following allegations are set forth:

"The actions of the Defendants, State of California, Highway Patrol . . . are [*sic*] intentional, malicious, and specifically designed to affect the employment of Pitman, and have caused Pitman great embarrassment, humiliation, and the loss of his employment.

"The actions of the Defendants, City of Oakland, . . . were intentional, malicious, and specifically undertaken with knowledge of their illegality under Labor Code Section 432.7, and as a direct and proximate result, Pitman has suffered shame, humiliation, embarrassment, and loss of his employment.

"WHEREFORE, Pitman requests the relief set forth hereinafter as to the Third Cause of Action."

As explained in the Restatement Second of Torts section 46, comment j, "[c]omplete emotional tranquillity is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity." Thus, in *Bogard* v. *Employers Casualty Co., supra,* 164 Cal.App.3d at page 617, the court found that the mere allegation that the plaintiffs suffered severe emotional distress, without facts indicating the nature or extent of any mental suffering incurred as a result of the defendant's alleged outrageous conduct, failed to state a cause of action for intentional infliction of emotional distress. We find the same shortcoming in the instant complaint. Being dismissed from a job is not an uncommon occurrence in modern society. The allegation that plaintiff suffered shame, humiliation and embarrassment without further factual explanation does not meet the requirement of specificity called for in *Bogard.* Moreover, whatev-

er shame, humiliation and embarrassment plaintiff may have suffered was the product of his own unlawful conduct. Accordingly, we find that the demurrers to plaintiff's third cause of action were properly sustained.

Since plaintiff has failed to present any argument with respect to his fourth cause of action, it is deemed to have been abandoned or waived. (*Humes* v. *MarGil Ventures, Inc.* (1985) 174 Cal.App.3d 486, 493 [220 Cal.Rptr. 186]; *Henderson* v. *Security Nat. Bank* (1977) 72 Cal.App.3d 764, 769 [140 Cal.Rptr. 388].)

The judgment of dismissal is affirmed.

Kline, P. J., and McCarty, J.,* concurred.

* Assigned by the Chairperson of the Judicial Council.