**Taufui PIUTAU, Plaintiff–Appellee,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellant,**

**and**

**David Bronczek, Defendant.**

No. 03–16005.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 18, 2004.

Stephen M. Murphy, Esq., San Francisco, CA, for Plaintiff–Appellee.

Scott B. Ennis, Esq., Stockton, CA, Michael D. Young, Esq., Weston, Benshoof, Rochefort, Rubalcava and Maccuish LLP, Los ANGELES, CA, for Defendant–Appellant.

Before: TROTT, MCKEOWN, Circuit Judges, and SHADUR, Senior District Judge.*

\* The Honorable Milton I. Shadur, Senior Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

## MEMORANDUM **

Federal Express Corporation (Fed Ex) appeals the district court's decision granting Taufui Piutau's motions for summary judgment and denying Fed Ex's motions for summary judgment. Fed Ex also appeals the district court's decision to allow Piutau to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fed Ex suspended Piutau from his position as a driving courier after he was arrested for driving under the influence but before he had been tried on the charge. Piutau explained to Fed Ex that he had been drinking kava tea. Piutau was later acquitted.

California Labor Code § 432.7(a) prohibits employers from utilizing as a factor in determining any condition of employment "any record of arrest or detention that did not result in conviction...." In the only decision interpreting this provision, the California Court of Appeals held that "the statute cannot be read as permitting the employer *to utilize* the information of a mere arrest for disciplinary purposes." *Pitman v. City of Oakland,* 197 Cal.App.3d 1037, 1044, 243 Cal.Rptr. 306, 309 (Cal.Ct.App.1988) (emphasis original). We adhere to *Pitman's* interpretation of this provision because, in a diversity case in which the state supreme court has not addressed the relevant state law, we follow the intermediate state appellate court unless there is convincing evidence the state supreme court would rule otherwise. *Westlands Water Dist. v. Amoco Chemical Co.,* 953 F.2d 1109, 1111 (9th Cir.1991). Under *Pitman,* section 432.7(a) applies to Fed Ex's suspension of Piutau.

In light of the undisputed testimony concerning the basis for Piutau's suspension, the district court properly granted summary judgment for Piutau and denied summary judgment to Fed Ex. The district court did not err in allowing Piutau to amend his complaint.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.