NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON LEE, | No. 18-56415 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04642-FMO-SS |
| v. | |
| AT&T SERVICES, INC., a Delaware Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JAIME V. BENAVIDES, individually and as agent/employee/supervisor of AT&T Services, Inc./Pacific Bell; LEE VAGATAI, individually and as agent/employee/supervicor of AT&T Services/Pacific Bell, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted March 3, 2020**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Byron Lee appeals pro se from the district court's summary judgment in his diversity action alleging state law claims arising out of defendants' termination of his employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment on Lee's breach of contract claim because the claim was preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and Lee failed to exhaust his remedies under his union's collective bargaining agreement as required under the LMRA. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986 (9th Cir. 2007) ("[A]n employee's failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement and related claims [under the LMRA]").

The district court properly granted summary judgment on Lee's claim under California's Fair Employment and Housing Act ("FEHA") alleging wrongful termination in violation of public policy because Lee failed to raise a genuine dispute of material fact as to whether his termination violated public policy. *See Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1032-33 (Cal. 1994) (to prevail on a claim of wrongful termination in violation of public policy, a plaintiff must

demonstrate that his termination violated a policy that is "(1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision").

The district court properly granted summary judgment on Lee's intentional infliction of emotional distress claim because Lee failed to raise a triable dispute as to whether defendants engaged in extreme and outrageous conduct. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of an intentional infliction of emotional distress claim); *Pitman v. City of Oakland*, 243 Cal. Rptr. 306, 311-12 (Ct. App. 1988) (termination from employment does not, by itself, constitute extreme and outrageous conduct).

The district court properly granted summary judgment on Lee's negligent infliction of emotional distress claim because Lee failed to raise a triable dispute as to whether defendants breached a legal duty owed to him. *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 770 P.2d 278, 281 (Cal. 1989) (elements of a negligent infliction of emotional distress claim).

The district court did not abuse its discretion in denying Lee's request for an extension of time to file a supplemental summary judgment opposition because Lee did not demonstrate good cause. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-60 (9th Cir. 2010) (setting forth standard of review and discussing good cause requirement for extensions of time).

18-56415

We reject as meritless Lee's contention that he was not an employee of Pacific Bell Telephone Company.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**