**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MATTHEW J. CHANNON,

    Plaintiff - Appellant,

v.

JEFF TAVANGER; SHELLEY BACA;
JENNIFER IRELAND; ARMADA
GROUP, INC.; NATALIE GANN;
TP-LINK RESEARCH AMERICA
CORPORATION,

    Defendants - Appellees.

No. 19-2192
(D.C. No. 1:18-CV-00596-WJ-JHR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Pro se plaintiff Matthew J. Channon appeals the district court's judgment

dismissing his complaint with prejudice under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Channon worked as a computer software developer. Defendant TP-Link Research America Corporation (TPRA) is a technology company. Defendant Armada Group, Inc. (Armada) is a recruiting firm. And the remaining defendants have worked for either TPRA or Armada.

TPRA and Armada signed an agreement stating that Mr. Channon would architect, design, and develop iPhone applications for TPRA. In a separate contract, Armada and Mr. Channon (through his one-person company) agreed that he would provide that work to TPRA. In line with these agreements, Mr. Channon began providing services to TPRA at its office in California. About a week later, however, a background check revealed that Mr. Channon faced federal conspiracy and wire-fraud charges in a pending criminal case. After discussing the charges with Armada employees, Mr. Channon continued his work for TPRA for nearly two weeks until TPRA terminated its agreement with Armada, triggering Armada to terminate its agreement with Mr. Channon. Mr. Channon was later convicted of five counts of wire fraud in his criminal case.

Invoking federal diversity jurisdiction, Mr. Channon, a New Mexico resident, sued the California-based defendants in the District of New Mexico. His complaint presents the following claims:

- Count 1: Violation of California Labor Code § 432.7(a) against all defendants.

- Count 2: Interference with contractual relations against TPRA.

2

- Count 3: Interference with contractual relations against Armada.

- Count 4: Breach of contract against TPRA.

- Count 5: Breach of contract against Armada.

- Count 6: Unconscionable business practices against all defendants except Natalie Gann and TPRA.

- Count 7: Civil conspiracy against all defendants.

The district court ultimately dismissed all of Mr. Channon's claims with prejudice for failure to state a claim under Rule 12(b)(6).

## II. Discussion

Mr. Channon argues on appeal that (1) the district court misconstrued California Labor Code § 432.7(a); (2) the district court should have applied New Mexico law to counts two, four, and seven; (3) the district court reached mutually exclusive conclusions on counts two and four; and (4) TPRA did not properly serve him its motion to dismiss.[1]  None of these arguments persuade us.

---

[1] In his reply brief, Mr. Channon asserts that he "did not intend to exclude counts 1, 3, 5, or 6" from this appeal.  Aplt. Reply Br. 14.  We address his challenge to the district court's judgment on count one below.  But we do not review the district court's judgment on counts three, five, or six.  For one thing, this court generally does not consider arguments raised for the first time in a reply brief.  *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008).  And for another, even in his reply brief Mr. Channon makes no meaningful argument related to these counts.  His "perfunctory statement [is] insufficient to trigger appellate review." *White v. Chafin*, 862 F.3d 1065, 1067 n.1 (10th Cir. 2017).

3

A.  Standard of Review

We review de novo a dismissal under Rule 12(b)(6).  *Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020).  To survive a motion to dismiss, "a complaint must plead facts sufficient 'to state a claim to relief that is plausible on its face.'"  *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  We construe Mr. Channon's pro se pleadings liberally, holding them to a less stringent standard than lawyers' pleadings.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But even pro se litigants shoulder "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

B.  California Labor Code § 432.7(a)

Section 432.7(a)(1) forbids employers from asking applicants for "information concerning an arrest or detention that did not result in conviction."  It also precludes employers from factoring into employment decisions "any record of arrest or detention that did not result in conviction."  Cal. Labor Code § 432.7(a)(1).  But it does not "prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on their own recognizance pending trial."  *Id.*  The district court concluded that the relevant portion of § 432.7(a) provides a cause of action only for individuals whose arrest did not result in a conviction.  It further concluded that Mr. Channon failed to state a claim under § 432.7(a) because he could not allege that his federal charges did not result in a conviction.  We agree.

4

To ascertain and apply state law, federal courts look to decisions from the relevant state's highest court. *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011). If no controlling state opinion exists, the federal court must try to predict what the state's highest court would do. *Id.* Such a prediction "should consider state court decisions, decisions of other states, federal decisions, and the general weight and trend of authority." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).

Neither the district court nor the parties cited a controlling opinion from the Supreme Court of California, and we have not found one. As the district court noted, however, relevant California authority exists; it holds "that in order to state a cause of action for a violation of section 432.7 the complaint must affirmatively allege that the arrest *did not* result in a conviction." *Pitman v. City of Oakland*, 243 Cal. Rptr. 306, 309 (Cal. Ct. App. 1988). Several cases echo *Pitman*'s holding. *See Corona v. Target Corp.*, No. C-10-2611 RMW, 2010 WL 3221866, at *1-2 (N.D. Cal. Aug. 13, 2010) (unpublished) (noting that the court would dismiss the plaintiff's § 432.7 claim if her pending criminal case resulted in a conviction); *Payne v. Farmers Ins. Co.*, No. B256061, 2015 WL 7354436, at *3-5 (Cal. Ct. App. Nov. 20, 2015) (unpublished) (concluding that the plaintiff failed to state a claim under § 432.7 because he failed to allege that his arrest did not lead to a conviction); *Pierce v. Kiesewetter*, No. G037974, 2007 WL 4427445, at *5-6 (Cal. Ct. App. Dec. 19, 2007) (unpublished) (concluding that the defendants were entitled to summary judgment on a § 432.7 claim where the plaintiff was convicted after his termination). Given this

5

uniform authority, we agree with the district court that § 432.7(a) requires an allegation that the plaintiff's arrest or detention did not lead to a conviction.

Mr. Channon is incorrect insofar as he argues that we should reverse because the district court ignored *Piutau v. Federal Express Corp.*, 114 F. App'x 781 (9th Cir. 2004). To begin with, the district court expressly considered *Piutau*, citing it in its dismissal orders. More importantly, though, *Piutau* does not help Mr. Channon's case because, unlike Mr. Channon, the plaintiff in *Piutau* was acquitted of the charge that led to his employer's action. *Id.* at 782. And to the extent Mr. Channon contends otherwise, no tension exists between *Pitman* and *Piutau*—indeed, *Piutau* explicitly relies on *Pitman*. *See id.* Both *Pitman* and *Piutau* square with the principle that a claim under § 432.7(a) must allege that the plaintiff's arrest or detention did not result in a conviction.

Mr. Channon does not meaningfully distinguish *Pitman*, *Piutau*, *Corona*, *Payne*, and *Pierce*, which involve employees who were employed by the defendants when they were arrested. Mr. Channon highlights that he, by contrast, "caught his charges years before his introduction to Armada or TPRA." Aplt. Reply Br. 9. But the date of a plaintiff's arrest does not matter under § 432.7(a); what matters is whether the arrest led to a conviction. *See Pitman*, 243 Cal. Rptr. at 309.

Nor does the timing of Mr. Channon's conviction, coming after Armada terminated his contract, salvage his § 432.7(a) claim. The same sequence occurred in *Pitman*, where the plaintiff's employer terminated him before he eventually pleaded guilty. 243 Cal. Rptr. at 307, 310. And yet *Pitman* concluded that the plaintiff failed

6

to state a claim because he could not allege that his arrest "*did not* result in a conviction." *Id.* at 309-10.  The same is true here.

And contrary to Mr. Channon's argument, amendments to § 432.7 have not rendered *Pitman* and its progeny "obsolete."  Aplt. Reply Br. 8.  Although § 432.7 has undergone several amendments since *Pitman*, the relevant portion of § 432.7(a)(1) still only forbids employers from factoring into employment decisions "any record of arrest or detention that did not result in conviction."[2]

For these reasons, the district court correctly concluded that Mr. Channon's complaint failed to state a claim under § 432.7(a).

### C.  The Law Governing Counts Two, Four, and Seven

Mr. Channon appears to allege in his opening brief that the district court erred because it did not cite New Mexico caselaw when it resolved counts two, four, and seven.  Construed liberally, this assertion alleges that the district court should have applied New Mexico law to counts two, four, and seven.  We disagree.

In diversity actions, federal courts apply the choice-of-law rules of the forum state—here, New Mexico.  *See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

---

[2] One amendment to § 432.7(a) added language precluding employers from factoring into employment decisions any record "concerning a conviction that has been judicially dismissed or ordered sealed."  2013 Cal. Stat. 5274.  Mr. Channon's complaint does not allege that his convictions had been judicially dismissed or ordered sealed and he does not argue that this added language affects his claim.

7

Count two of Mr. Channon's complaint (interference with a contract against TPRA) is a tort claim. *See Ettenson v. Burke*, 17 P.3d 440, 446 (N.M. Ct. App. 2000) (discussing elements of tortious interference with contract); Restatement (Second) of Torts § 766 (1979). And under New Mexico choice-of-law rules, tort actions "are governed by the law of the place where the wrong occurred." *Terrazas v. Garland & Loman, Inc.*, 142 P.3d 374, 377 (N.M. Ct. App. 2006). Because Mr. Channon alleged that TPRA interfered with his contract with Armada in California by firing him, the district court correctly concluded that California law governs count two. *See id.*

As for contract claims in New Mexico, "[a]s a general proposition of law, it is settled that the validity of a contract must be determined by the law of the state in which it was made." *Flemma v. Halliburton Energy Servs., Inc.*, 303 P.3d 814, 819 (N.M. 2013) (internal quotation marks omitted). Likewise, "[t]he law of the place of contracting determines the validity and effect of a promise." *Id.* (internal quotation marks omitted). So the district court correctly chose to apply California law to count four (breach of contract against TPRA).

After dismissing the first six counts, the district court dismissed count seven (civil conspiracy against all defendants), stating, "Civil conspiracy is not a standalone cause of action under either California or New Mexico law." R. at 97, 179, 198. Mr. Channon points out, however, that the district court did not cite New Mexico law while discussing the conspiracy claim. This omission, Mr. Channon seems to say, shows that the court did not apply New Mexico law to count seven.

8

And under New Mexico law, his argument continues, the civil conspiracy claim survives.

Mr. Channon's argument suffers from two flaws. First, California law governs his conspiracy claim. Civil conspiracy is a tort claim. *See PepsiCo, Inc.*, 431 F.3d at 1255. Recall that in tort actions, New Mexico courts apply "the law of the place where the wrong occurred." *Terrazas*, 142 P.3d at 377. Because Mr. Channon alleged that the defendants conspired in California, the district court correctly chose to apply California law to count seven. *See id.*

Second, Mr. Channon's conspiracy claim would not survive under New Mexico law. According to New Mexico law, "a civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability 'unless a civil action in damages would lie against one of the conspirators.'" *Ettenson*, 17 P.3d at 445 (quoting *Armijo v. Nat'l Sur. Corp.*, 268 P.2d 339, 347 (N.M. 1954)). Contrary to Mr. Channon's argument, *Garley v. Sandia Corp.*, 236 F.3d 1200 (10th Cir. 2001), does not hold that civil conspiracy is a standalone claim under New Mexico law. In fact, *Garley* recognized that, under New Mexico law, "civil conspiracy is not of itself actionable; the gist of the action is the damage arising from the act(s) done pursuant to the conspiracy." 236 F.3d at 1205 n.2 (brackets and internal quotation marks omitted).

### D. Interplay Between Counts Two and Four

The district court dismissed count two (interference with contractual relations against TPRA) after concluding that TPRA could not, as a matter of law, interfere

9

with Mr. Channon's contract with Armada because it had an economic interest in that contract. And it dismissed count four (breach of contract against TPRA) after finding that Mr. Channon did not have an express or implied employment contract with TPRA. Mr. Channon asserts, "Counts 2 & 4 claim TPRA can have economic interest in a contract in which it is named, while not being in an implied contract through same. Mutually exclusive." Aplt. Opening Br. 4. On its face, this language addresses the claims themselves rather than the district court's analysis of them. So it requires an inference even to frame these two sentences as a challenge to the district court's ruling. But read liberally, these sentences seem to allege that the district court's conclusions on counts two and four are mutually exclusive.

We see no conflict between the district court's conclusions on counts two and four. Mr. Channon's contract with Armada expressly states that he was not a TPRA employee. "There cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results." *Faigin v. Signature Grp. Holdings, Inc.*, 150 Cal. Rptr. 3d 123, 134 (Cal. Ct. App. 2012) (internal quotation marks omitted). Given the express provision that Mr. Channon *was not* a TPRA employee, his argument in count four that he *was* a TPRA employee through an implied contract cannot succeed. *See id.* He does not explain, and we fail to see, how the analysis changes merely because TPRA had an economic interest in his contract with Armada.

10

### E. Service of TPRA's Motion to Dismiss

Mr. Channon asserts that TPRA did not properly serve him its motion to dismiss. This lack of proper service, he continues, should excuse his failure to respond to the motion.

This argument does not warrant reversal for two reasons. First, the record shows that TPRA properly served its motion to dismiss. A party completes service by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). Mr. Channon consented in writing to receive notice of filings by email through the court's electronic-filing system. And although he filed notice that his mailing address changed, he has not pointed us to any evidence that he informed the court or TPRA that he no longer wished to receive service through the electronic-filing system before TPRA filed its motion to dismiss.

Second, the district court did not penalize Mr. Channon for his failure to respond to TPRA's motion. Although the district court noted that he did not respond, it resolved TPRA's motion on the merits. Mr. Channon does not explain how the district court's judgment would have been different if he had received TPRA's motion to dismiss or if he had responded to it. We must disregard "errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. Because the district court imposed no penalty for Mr. Channon's failure to respond to TPRA's motion to dismiss, and because Mr. Channon has not shown an error in the district

11

court's conclusions, any error or defect in serving the motion did not affect Mr. Channon's substantial rights.

## III.  Conclusion

We affirm the district court's judgment.  We grant Mr. Channon's motion to proceed in forma pauperis, relieving him of the requirement that he prepay fees but not the requirement that he pay them.  *See* 28 U.S.C. § 1915(a), (b).

Entered for the Court

Joel M Carson III
Circuit Judge