This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39832

**JANET MUIR,**

Plaintiff-Appellant,

v.

**ALEXANDER G. CIANFLONE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOŇA ANA COUNTY**
**James T. Martin, District Judge**

Karen E. Wootton Legal Services, P.C.
Karen E. Wootton
Las Cruces, NM

Carrillo Law Firm, P. C.
Raúl A. Carrillo, Jr.
Las Cruces, NM

for Appellant

Martin & Lutz, P.C.
David P. Lutz
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Plaintiff appeals a district court order dismissing her complaint, which raised implied contract and equity claims against Defendant. We issued a calendar notice proposing to reverse. Defendant has responded with a memorandum in opposition. We reverse.

**Subject Matter Jurisdiction**

**{2}** Plaintiff claims the district court erroneously ruled that it does not have subject matter jurisdiction over this lawsuit. [DS 4, RP 221] We proposed to agree, because the district court seems to have confused the concepts of subject matter jurisdiction and the issue of whether the court should apply out-of-state law when considering Plaintiff's contract-related claims. *Compare Marchman v. NCNB Tex. Nat'l Bank*, 1995-NMSC-041, ¶¶ 27-28, 120 N.M. 74, 898 P.2d 709 (discussing the district court's broad subject matter jurisdiction), *with Terrazas v. Garland & Loman, Inc.*, 2006-NMCA-111, ¶ 12, 140 N.M. 293, 142 P.3d 374 ("New Mexico courts follow the doctrine of lex loci delicti commissi—that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred."). Defendant's memorandum in opposition does not dispute our proposed holding. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (stating that "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). We, accordingly, reverse the district court on this point.

**Forum Non Conveniens**

**{3}** The district court alternatively dismissed the complaint based on the doctrine of forum non conveniens. [RP 221] "The doctrine of forum non conveniens allows a court . . . to decline to exercise jurisdiction when trial in another forum will best serve the convenience of the parties and the ends of justice." *Marchman*, 1995-NMSC-041, ¶ 31 (internal quotation marks and citation omitted). We will reverse the district court's dismissal for forum non conveniens "only when there has been a clear abuse of discretion." *Id.* ¶ 36. The district court must defer to a plaintiff's choice of forum unless it is strongly outweighed by a balance of public and private interests. *Id.* ¶ 34.

**{4}** Here, the district court sua sponte raised the forum non conveniens ground for dismissal. [RP 221; DS 4] Because the doctrine of forum non conveniens involves a fact-intensive analysis, this Court has previously held that it would be unfair to permit a district court to raise the issue sua sponte where the matter before the court was limited to the issue of jurisdiction. *Werner v. Wal-Mart Stores, Inc.*, 1993-NMCA-112, ¶ 17, 116 N.M. 229, 861 P.2d 270, *overruled on other grounds by Chavez v. Bridgestone Americas Tire Operations, LLC*, 2022-NMSC-006, 503 P.3d 332. Our calendar notice thus proposed to reverse and remand to give Plaintiff the opportunity to specifically address the issue.

**{5}** In his memorandum in opposition, Defendant claims that Plaintiff had this opportunity when the district court held a presentment hearing on the dismissal order. [MIO 2] *See* Rule 1-058 NMRA. However, a presentment hearing is generally more limited in scope than a merits hearing, and there is no indication that Plaintiff had an opportunity to address the fact-intensive issue of forum non conveniens. *See In re Adoption of Homer F.*, 2009-NMCA-082, ¶ 28, 146 N.M. 845, 215 P.3d 783 ("[T]he purpose behind Rule 1-058 . . . is to ensure that the parties have notice of the language on an order before its entry so that if there is a disagreement, a presentment hearing

can be held."). We, therefore, conclude that the record does not support Defendant's claim that an adequate opportunity was provided to Plaintiff in this case.

**{6}** For the reasons set forth in our notice of proposed disposition and herein, we reverse the district court and remand to give Plaintiff an opportunity to address the forum non conveniens issue on the merits and for any further proceedings consistent with this opinion.

**{7}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**